IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JEFFREY GRAY**  **PLAINTIFF**

vs.   CIVIL ACTION NO.: 3:24-CV-592-HTW-LGI

**CITY OF FOREST, MISSISSIPPI;
ROBIN HALL; HUBERT JERNIGAN;
AND MATTHEW COX, in their
individual and official capacities**   **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants City of Forest, Mississippi; Robin Hall; Hubert Jernigan; and Matthew Cox ("Defendants") submit this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Jeffrey Gray:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff lacks standing.

## FOURTH AFFIRMATIVE DEFENSE

Defendants plead all applicable immunity defenses, including, but not limited to, sovereign immunity, qualified immunity, absolute immunity, and legislative immunity.

1

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged deprivation of constitutional rights did not occur through, nor were they caused by, an established policy or custom of Defendant the City of Forest, Mississippi. Therefore, there is no municipal liability under federal law.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages and, while denying that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages would violate both the Mississippi and United States Constitutions.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants plead all applicable provisions of the Mississippi Tort Claims Act contained in Mississippi Code Annotated § 11-46-1 *et. seq.*, including, but not limited to, all applicable statutes of limitations, course and scope immunity, all exemptions from liability, all jurisdictional prerequisites to suit, and no right to a jury trial.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent applicable, Defendants plead estoppel, both equitable and judicial, as well as the defense of collateral estoppel, res judicata, waiver, laches, and privilege.

**NINTH AFFIRMATIVE DEFENSE**

Defendants plead the defense of good faith and/or honest belief.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's own actions, or the actions of a third party for whom Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiff alleged to have sustained. Defendants invoke all applicable contribution, setoff, and comparative fault principles.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff did not exhaust his administrative remedies under federal or state law for some or all of his allegations, claims, or theories, these allegations, claims, or theories may not be pursued in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to comply with his duty to mitigate his request for damages, his entitlement to which is expressly denied, such damages must be reduced.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent an adequate state remedy was available and Plaintiff failed to avail himself of such remedy, this action may not be cognizable under § 1983.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve all available defenses under Federal Rule of Civil Procedure 8(c).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants plead the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants assert the right to rely upon any after-acquired evidence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is seeking special damages, Plaintiff has failed to plead such damages with the specificity required by Federal Rules of Civil Procedure 9(g).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants plead all damages caps, including those that are statutory and those applicable to requests for punitive or compensatory damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an award of attorneys' fees.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants plead *Mt. Healthy City Sch. Dist. Bd. of Educ. V. Doyle*, 429 U.S. 274 (1977).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or further investigation.

### ANSWER

Defendants deny all allegations contained in the Complaint except for those that are expressly admitted.

### COMPLAINT

Defendants deny the demand for a jury trial stated in the unnumbered heading at the beginning of the Complaint.

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint for lack of sufficient information.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint, except to admit that Plaintiff has filed this lawsuit seeking redress.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint, except to admit that Plaintiff asserts this action arises under the First, Fourth, and Fourteenth Amendments to the United Staes Constitution.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint, except to admit that Plaintiff's action purportedly involves claims under 42 U.S.C. § 1983 and the laws of the State of Mississippi.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint, except to admit that this Court has jurisdiction over this matter.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint, except to admit that venue is proper in this Court.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint for lack of sufficient information.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint, except to admit that that the City of Forest is a governmental body.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint, except to admit that Defendant Robin Hall was a police officer employed by the City of Forest and that she is being sued in her individual and official capacities.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint, except to admit that Defendant Hubert Jernigan was employed by the City of Forest and that he is being sued in his individual and official capacities.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint, except to admit that Defendant Matthew Cox was employed by the City of Forest and that he is being sued in his individual and official capacities.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint as stated.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint as calling for a legal conclusion.

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint as calling for a legal conclusion.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint, except to admit that Gray was standing next to the entrance of the building waving a sign.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint for lack of sufficient information.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint as stated.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint, except to admit that Officers Hall and Jernigan approached Gray at City Hall.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint as stated.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint as stated.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint for lack of sufficient information.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint, except to admit that Defendant Matthew Cox arrived at the scene.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint as stated.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint as stated.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint as stated.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint as calling for a legal conclusion.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint as calling for a legal conclusion.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint as calling for a legal conclusion.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint as calling for a legal conclusion.

44. Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint, except to admit that the Complaint quotes provisions of the First and Fourteenth Amendments to the United States Constitution.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint, except to admit that the Complaint quotes provisions of the Mississippi Constitution.

52. Defendants admit the quoted text from *Jeffries v. State*, 724 So. 2d 897 ¶ 10 (Miss. 1998) in Paragraph 52 of the Complaint but deny any implication of wrongdoing or liability.

53. Defendants admit the Complaint cites cases in Paragraph 53 of the Complaint but deny the remaining allegations and any applicability to the facts of this case.

54. Defendants admit the Complaint cites a case in Paragraph 54 of the Complaint but deny the remaining allegations and any applicability of the cited case to the facts of this case.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit the Complaint cites cases in Paragraph 57 of the Complaint but deny the remaining allegations and any applicability of the cited cases to the facts of this case.

58. Defendants admit the Complaint cites cases in Paragraph 58 of the Complaint but deny the remaining allegations and any applicability of the cited cases to the facts of this case.

59. Defendants admit the Complaint cites a case in Paragraph 59 of the Complaint but deny the remaining allegations and any applicability of the cited case to the facts of this case.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit the Complaint cites cases in Paragraph 72 of the Complaint but deny the remaining allegations and any applicability of the cited cases to the facts of this case.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint as stated.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

Defendants deny the allegations contained in the last, unnumbered paragraph of the Complaint beginning with "WHEREFORE," including subparagraphs (A) through (G), and Defendants reiterate that Plaintiff is entitled to no relief at all. Defendants request that this action be dismissed, with costs and fees taxed against Plaintiff.

This, the 20th day of November, 2024.

                                Respectfully submitted,

                                **PHELPS DUNBAR LLP**

                                BY:  */s/ H. David Clark, III*
                                      G. Todd Butler, MB# 102907
                                      H. David Clark, III, MB# 104165
                                      1905 Community Bank Way, STE 200
                                      Flowood, Mississippi 39232
                                      Telephone: 601-352-2300
                                      Telecopier: 601-360-9777
                                      Email: Todd.Butler@phelps.com
                                                  Trey.Clark@phelps.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, H. David Clark, III, do hereby certify that I electronically filed the above and foregoing *ANSWER AND AFFIRMATIVE DEFENSES* with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

SO CERTIFIED, the 20th day of November, 2024.

/s/ *H. David Clark, III*
H. David Clark, III